UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA BAI A/K/A YUTONG BAI,<br>   Plaintiff,<br><br>  v.<br><br>TODD M. LYONS, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>   Defendant. | Case No. 4:25-cv-03481-YGR<br><br>TEMPORARY RESTRAINING ORDER<br>Re: Dkt. No. 4 |

Plaintiff Emma Bai a/k/a Yutong Bai has filed an Ex Parte Motion for a Temporary Restraining Order ("TRO"). (Dkt. No. 4.) The Court has conferred with plaintiff's counsel and counsel from the U.S. Attorney's Office for the Northern District of California who represents defendant Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement.

Having reviewed the application for Temporary Restraining Order and the complaint filed herein, the Court has determined that an immediate Order is warranted. This is one in a series of similar actions filed in this district. Time is of the essence.

The Court has reviewed Judge Susan Illston's Order (25-cv-03292, Dkt. No. 7) which considered similar actions by defendant against other plaintiffs similarly situated to plaintiff here. The Court hereby adopts the legal rationale and incorporates it herein.

As applied here, the plaintiff in this action is an international student present in the United States on what the government calls "F-1 status" for post-graduate practical training after completing her doctorate here. Earlier this month, without any prior notice, she learned from her sponsoring university that her records in the comprehensive federal database (the Student and Exchange Visitor Information System or "SEVIS") that monitors the activities of foreign students had been terminated by U.S. Immigration and Customs Enforcement ("ICE"). Without an active

record in SEVIS, plaintiff cannot study, work, or remain in the country. She has been engaged in meaningful research and fears losing the benefit of all her work to date if forced to abruptly leave the United States.

As in other cases, the termination of a SEVIS record has been considered a "final agency action," reviewable by Courts under the APA. *See Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 185 (3d Cir. 2019). There is no indication that the government has met its own regulatory requirements for the termination of a SEVIS record. *See* 8 C.F.R. § 214.1(d). Nor is there evidence that plaintiff has failed to maintain her F-1 status.[1]

The Court has considered the well-known test under *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008) and finds that the elements are satisfied. In particular, the last two *Winters* factors, viewed collectively, favor plaintiff. The government would not suffer any lasting damage if enjoined from detaining a plaintiff who poses no safety threat to her community or the nation writ large, or from allowing her to continue with her studies or work during the course of these proceedings. The public interest is best served through a fair and thorough hearing.

Accordingly, the Court **GRANTS** plaintiff's application for a temporary restraining order in order to preserve the status quo. To prevent irreparable harm from a potentially arbitrary and capricious government action, the Court therefore **ORDERS** defendant Lyons and any of his agents, servants, employees, and any person in active concert or participation with him **ENJOINED** for fourteen days:

1. from arresting and incarcerating plaintiff Emma Bai a/k/a Yutong Bai pending resolution of these proceedings; and

2. from transferring plaintiff Emma Bai a/k/a Yutong Bai outside the jurisdiction of this District pending the resolution of these proceedings; and

---

[1] Apparently, the only reason the government gave for this termination was "Individual identified in criminal records check and/or has had their VISA revoked." It is not clear what the basis of this reasoning is, because plaintiff has no criminal history. Plaintiff notes that on April 16, 2024, she pled guilty to reckless driving under § 23102 of the California Vehicle Code. However, there are no related charges or penalties pending. A traffic citation for reckless driving does not suffice as a criminal record that would warrant termination of her SEVIS record and it certainly does not warrant termination without any due process.

2

3. from imposing any legal effect that otherwise may be caused by the termination of plaintiff's SEVIS status or the potential unlawful revocation of her F-1 visa.

The Court further **ORDERS** that the hearing regarding plaintiff's TRO request to reinstate her SEVIS records is hereby scheduled on the Court's calendar for Tuesday, April 29, 2025 at 2:00 p.m. via the Zoom platform. In the interim, defendant shall file its response to the motion by Thursday, April 24, 2025. Plaintiff may file a reply by 9:00 a.m. on Monday, April 28, 2025.

The Court has issued a *sua sponte* referral to Judge Jeffrey S. White who this Court understands may relate this entire series of cases. Because time is of the essence, all parties shall respond to the referral pursuant to Local Rule 3-12 by no later than 12:00 noon Pacific on April 23, 2025. Failure to do so shall be deemed a concession that the cases should be related.

By operation of law, and unless otherwise ordered, this restraining order will expire at 11:59 p.m. fourteen (14) days from its entry.

**IT IS SO ORDERED.**

Date: April 22, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

cc: The Honorable Jeffrey S. White