PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
ELIZABETH D. KURLAN (CABN 255869)
Assistant United States Attorney

      450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
      Telephone: (415) 436-7298
      Facsimile: (415) 436-6748
      elizabeth.kurlan@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EMMA BAI,<br><br>      Plaintiff,<br><br>  v.<br><br>TODD M. LYONS, in his official capacity as Acting Director of United States Immigration and Customs Enforcement,<br><br>      Defendant. | Case No.: 4:25-cv-3481-JSW<br>ORDER GRANTING<br>**STIPULATION RE: RE-ACTIVATION OF SEVIS RECORDS AND DISMISSAL;** **[PROPOSED] ORDER** |

Plaintiff and Defendant hereby stipulate to the following:

1.      The Student and Exchange Visitor Information System ("SEVIS") record for Plaintiff in this case has been set back to "active" by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE").

2.      The reactivation of Plaintiff's SEVIS record shall be considered retroactive to the date of its initial termination, such that there is no gap or lapse in the Plaintiff's SEVIS record.  Although the event history will memorialize whatever modifications are made to the SEVIS account, the effect of this retroactive activation is as though the termination did not happen.

3.      To the extent Plaintiff is participating in Optional Practical Training ("OPT"), or Science, Technology, Engineering and Math ("STEM") OPT, or Curricular Practical Training ("CPT"), any authorization end date for OPT, STEM OPT, or CPT has been reset to the end date set forth in the Plaintiff's SEVIS record before its termination.

4.      ICE will not, under its new SEVIS policy announced April 26, 2025, re-terminate the Plaintiff's SEVIS record based solely on the National Crime and Information Center ("NCIC") record that led to the initial termination or on any related prudential visa revocation that is effective upon departure (as set forth in Paragraph 5).  However, ICE maintains the authority to terminate a SEVIS record for other reasons, such as if a student fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him or her removable from the United States under the Immigration and Nationality Act ("INA").

5.      As stated in ICE's new policy, "if State revokes a nonimmigrant visa effective immediately, SEVP may terminate the nonimmigrant's SEVIS record based on the visa revocation with immediate effect, as such a revocation can serve as a basis of removability under INA § 237(a)(1)(B)." A visa revocation that is effective upon departure rather than immediately does not establish removability under INA § 237(a)(1)(B), and therefore is not, in itself, a basis for termination of the SEVIS record under the new SEVIS policy.

6.      Pursuant to INA § 221(i), notice of a visa revocation must be communicated to the Department of Homeland Security.  DHS has not received any communication from the Department of State that the visa of the Plaintiffs in this action has been revoked with immediate effect.

7. The termination and reactivation of Plaintiff's SEVIS record by SEVP, as set forth in Paragraph 1 of this Stipulation, will not, in itself, have a negative impact on the adjudication of any benefit request by United States Citizenship and Immigration Services ("USCIS"). If, while adjudicating an immigration benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS record was terminated and then reactivated by ICE, USCIS will continue processing the benefit request according to all applicable laws, regulations, policies, and procedures.

8. To the extent USCIS issues a request for evidence, notice of intent to deny, or denial based in whole or part on the termination and reactivation of Plaintiff's SEVIS record, counsel for Defendant agrees to cooperate with Plaintiff's counsel to ensure USCIS is aware of this Stipulation and its terms in connection with its consideration or reconsideration of Plaintiff's benefits request.

9. Defendants shall communicate this Stipulation to the Department of State. Plaintiff shall dismiss this action with prejudice. Each party shall bear its own fees and costs.

Dated: May 9, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney


 *s/ Elizabeth D Kurlan*
ELIZABETH D. KURLAN
Assistant United States Attorney

*Attorneys for Defendant*

Dated: May 9, 2025

 *s/ Brad Banias*
BRADLEY B. BANIAS
Banias Law

*Attorney for Plaintiffs*

**[PROPOSED] ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED. The Clerk shall close this file.

Date: May 9, 2025

_____
JEFFREY S. WHITE
United States District Judge